UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHAN SHEARD,<br><br>                            Plaintiff,<br>     -v-<br><br>THE CITY OF NEW YORK, New York City Police Department ("NYPD") Officer SCOTT KINZLER (Shield No. 10180) in his individual capacity,<br><br>                            Defendants. | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>14 CV 3188 (ILG) (VMS) |

NATHAN SHEARD, by his attorney REBECCA HEINEGG, as and for his complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983; and pendant claims under the Constitution of the State of New York, Article I, §§ 6, 11, and 12, and the laws of the State of New York.

2. Plaintiff NATHAN SHEARD's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis subjected him to excessive force.

3. By reason of defendants' actions, Mr. SHEARD was deprived of his constitutional rights.

4. Mr. SHEARD seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments of the Constitution of the United States.

6. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4).

7. This Court has supplemental jurisdiction over plaintiff's claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. Pursuant to New York State General Municipal Law § 50-E, plaintiff filed a timely Notice of Claim with the New York City Comptroller on or about January 9, 2014. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) in that plaintiff's claims arose in the Eastern District of New York.

10. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

11. Plaintiff NATHAN SHEARD is an African American male, and at all times relevant to this action was a resident of Kings County, New York.

12. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is

ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

13. Defendant NYPD Officer SCOTT KINZLER (Shield No. 10180) was at all times relevant herein an officer, employee and agent of the NYPD. At all times relevant to this action, defendant KINZLER was acting under color of state law as an agent, servant, employee and officer of the NYPD. He was acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in him as an officer, agent and employee of the NYPD.

14. Defendant KINZLER is being sued in his individual capacity.

15. Defendants' acts herein complained of were carried out intentionally, recklessly, and with malice and gross disregard for plaintiff's rights.

## STATEMENT OF FACTS

16. The incident alleged herein occurred on October 18, 2013 in the vicinity of 830 4th Avenue, in Kings County, and continued thereafter as set forth below.

17. At the time set forth in paragraph 16, Mr. SHEARD was under arrest at the 72nd Precinct in Brooklyn, New York.

18. As Mr. SHEARD was being removed from his cell for transportation to court, defendant KINZLER, without provocation, grabbed Mr. SHEARD and intentionally slammed his head into the cell bars, causing pain, serious physical injury and bleeding.

19. Mr. SHEARD was thereafter returned to his cell, where he remained for approximately 20 minutes requesting medical aid.

20. At a later point in time, Mr. SHEARD was transported to Lutheran Medical Center, where he received five stitches for the cut in his head inflicted by defendant KINZLER.

21. For several weeks following the incident described in the preceding paragraphs, Mr. SHEARD suffered headaches, dizziness, and difficulty concentrating.

22. As a result of this incident, Mr. SHEARD suffered physical, psychological and emotional injuries, mental anguish, suffering, lost wages, humiliation and embarrassment.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**

23. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. By the conduct described above, defendants, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of the Fourth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983, thereby depriving plaintiff of his rights, privileges and immunities, including, without limitation, deprivation of his constitutional rights to freedom from unreasonable seizures of his person, including excessive use of force, and to the enjoyment of equal protection, privileges and immunities under the laws.

25. As a result of defendant's deprivation of plaintiff's constitutional rights, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and was otherwise damaged and injured.

**SECOND CAUSE OF ACTION**
**ASSAULT AND BATTERY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**

26. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

## THIRD CAUSE OF ACTION
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. The conduct of Officer KINZLER alleged herein occurred while he was on duty and in uniform, and/or in and during the course and scope of his duties and functions as an NYPD officer, and/or while he was acting as an agent and employee of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

31. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

## FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. Defendant CITY negligently hired, screened, retained, supervised, and trained defendant KINZLER. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

## JURY DEMAND

35. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violations of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendant; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
August 20, 2014

Respectfully submitted,

By: _____/s/_____
Rebecca Heinegg
*Attorney for the Plaintiff*
48 Wall Street, 11th Floor
New York, New York 10005
t: (212) 227-2303
f: (212) 320-0230